IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-05-313 |
| § | CIVIL ACTION NO. H-09-1139 |
| JEMEYEL BRATON EAGLIN § | |
| § | |
| § | |
| Defendant-Movant. § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Jemeyel Braton Eaglin's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 98),[1] and Brief in Support (Document No. 99), and the United States' Response and Motion to Dismiss. (Document No. 101). After reviewing the parties' submissions, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion To Dismiss (Document No. 101) be GRANTED, that Movant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 98) be DENIED and that this § 2255 proceeding be DISMISSED.

---

[1] Jemeyel Braton Eaglin's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-09-1139 and at Document No. 98 in Criminal Action No. H-05-313. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

I.      **Procedural History**

Movant Jemeyel Braton Eaglin ("Eaglin") who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C.§ 2255. This is Eaglin's first attempt at § 2255 relief.

On July 27, 2005, Eaglin was charged by Indictment with possession with intent to distribute cocaine base (10.7 grams) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (count one), possession of one or more firearms, in furtherance of a drug trafficking crime for which he may be prosecuted in violation of 18 U.S.C. § 924(c)(1) (count two), and felon in possession of one or more firearms in violation of 18 U.S.C. § 922(g)(1) (count three). (Document No. 1). Thereafter, on November 8, 2006, the United States filed an Information Establishing Prior Felony Conviction. (Document No. 35). The Information states in pertinent part that "on June 25, 2002, Jemeyel Braton Eaglin was convicted of possession of cocaine in the 262nd District Court of Harris County, Texas and sentenced to 2 years in custody." (Document No. 35). In addition, on November 13, 2006, the United States filed its Federal Rule of Evidence Rule 404(B) Notice concerning Eaglin's June 25, 2002, conviction. (Document No. 38). The docket sheet shows that the matter was scheduled to go to trial on November 13, 2006. The transcript of the November 13, 2006, hearing shows that Eaglin expressed his intent to plead guilty but ultimately changed his mind and the matter proceeded to a two day jury trial. With respect to Eaglin's decision to proceed to trial, the record shows that Eaglin made this decision after consultation with counsel:

> The Court: I want to talk with you now, Mr. Eaglin, about the maximum possible penalties you're facing as a result of your plea of guilty this morning.

You are pleading guilty to a violation of Title 21, United States Code, Section 841, possession with intent to distribute cocaine base. The penalty for that crime, if it is more than 5 grams of a mixture containing cocaine base, is imprisonment for not less than 5 years or more than 40 years, a fine of up to $2 million, and a term or supervised release of at least 4 years.

Along with that supervised release, there would be certain conditions of supervised release that you would be obliged to follow. If you failed to follow those, you could be put back into prison for some additional period of time without any credit for time you'd already been in prison, without any credit for the time you've been on supervised release, and there would be $100 special assessment for that one count.

Mr. Harris: Your Honor, if I may interrupt you here? We have filed an information establishing a prior conviction, a drug felony conviction. If your Honor finds that true at sentencing, then that increases the penalties to not less than 10 years or more of life, a fine of not more than $4 million, and a term of supervised release of not less than 8 years.

The Court: All right.

Mr. Justin: If they've filed that, Judge, I've not seen that nor have been furnished a copy of that.

The Court: Well, can you show it to him, please, sir?

Mr. Harris: Your Honor, it was electronically filed. I don't know if I have a copy of it with me. (Brief pause).

Mr. Harris: Well, let's put it this way. If I have filed it, that's what they are. If I have not filed it, then I can't file it after this morning. So---

The Court: Is it filed? (Document tendered to the Court).

The Court: That would not be your 404(b) notice?

Ms. Bradley: No, your Honor.

Mr. Harris: No. There's a separate document that has to be filed under 851 showing a prior conviction. And if it's not on the docket, then I have failed to file it. It would be titled, "Information establishing Prior Conviction."

The Case Manger: Information, No. 35, that was filed on the 8th.

> The Court: All right. Okay. Filed on the 8th. Would you hand that one to Mr. Justin, please?
>
> The Law Clerk: Sure.
>
> Mr Harris: Mr. Justin has been in trial, so sometimes communication has been difficult last week. (The defendant and Mr. Justin confer off the record.).
>
> Mr. Justin: I'm seeing this for the first time.
>
> The Court: All right. So, is that going to mean that Mr. Jemeyel no longer– I mean— sorry—Mr. Eaglin no longer wishes to enter a plea of guilty?
>
> Mr. Justin: Well, my understanding, it raises the minimum from 5 to 10.
>
> The Court: Right.
>
> Mr. Justin: If I can get just a moment.
>
> The Court: Surely. Go ahead.
>
> Mr. Justin: We had just talked about that.
>
> The Court: Sure. Just go ahead. That's fine. (Pause).
>
> Mr. Justin: We're ready for trial.
>
> The Court: I'm sorry?
>
> Mr. Justin: I guess we're ready for trial.

(Document No. 88, Transcript of November 13, 2006, Hearing pp. 5-8).

Following a two day jury trial, Eaglin was found guilty on all counts. (Document No. 51). Prior to sentencing, a Pre-sentence Investigation Report ("PSR") was prepared (Document No. 59 & 61), to which Eaglin filed no written objections. Pursuant to the PSR, Eaglin's sentence was calculated as follows: (1) In calculating Eaglin's base offense level, because Eaglin was held accountable for 10.7 grams of cocaine base, pursuant to U.S.S.G. § 2D1.1(c)(7), he had

a base offense level of 26.[2]  (2) With an offense level of 26, and with a criminal history category of IV, Eaglin had an advisory guideline sentencing range of 92 to 115 months.  However, because the enhanced penalty provisions under 21 U.S.C. § 851 applied, pursuant to U.S.S.G. § 5G1.1(c)(2), Eaglin's advisory guideline range was 120 months.[3]  On May 3, 2007, Eaglin was sentenced to a term of imprisonment of 120 months as to counts one and three, to be served concurrently, followed by a consecutive term of 60 months as to count two, for a total term of imprisonment of 180 months, to be followed by a five year term of supervised release.  A special assessment of $300 was imposed as well as a fine of $12,500.00.  (Document No. 64, Transcript of Sentencing Hearing, Document No. 86, pp. 6-8).  Prior to sentencing, Judge Harmon

---

[2] According to the ¶ 23 of the PSR, Eaglin's sentence was not adjusted upward based on the possession of a firearm because the same conduct resulted in a mandatory consecutive sentence for Count 2 pursuant to U.S.S.G. § 2K2.4.

[3] With respect to Eaglin's 2002 conviction, the ¶ 34 of the PSR states:

> According to the HPD arrest report, in response to numerous complaints by residents of drug activity, narcotics officers engaged in a "buy/bust" operation in the 800 block of Chas Lane.  Consequently, an undercover officer contacted an unknown female, and was directed to 878 Chas Lane.  Upon arriving there, the female spoke to the defendant through a cyclone fence in front of the home.  The female returned to the vehicle, obtained $40 from the officer, and returned it to the defendant.  In exchange, the defendant gave the female two chunks of cocaine base, which she provided to the officer.  Patrol officers responded to the scene shortly thereafter, and the defendant ran into the home.  After officers entered the home, the defendant was arrested, but the female could not be found.  In the defendant's pants pocket was $1,100 in currency, which included the $40 in prerecorded buy money the undercover officer had used to purchase cocaine from the defendant.  A field test conducted on the cocaine determined it to weigh .8 grams.

> According to court documents, the defendant was represented by counsel and entered a plea of guilty to the indicated charge.

questioned Eaglin about the PSR as follows:

> The Court: And have you discussed it with your attorney, Mr. Justin?
>
> The Defendant: Yes, ma'am.
>
> The Court: Do you feel like you understand what's in the presentence report?
>
> The Defendant: Yes, ma'am.
>
> The Court: And do you have any questions you want to ask about it at this time?
>
> The Defendant: No, ma'am.
>
> The Court: Do you have any objections to the presentence report?
>
> The Defendant: No, ma'am. (Transcript of Sentencing Hearing, Document No. 86, pp. 3-4).

With the respect to Eaglin's sentence, Judge Harmon stated:

> Mr. Eaglin is a 22 year old man who is before the Court, facing a mandatory minimum term of imprisonment of 120 months with 60 months consecutive for the firearms charge.
>
> He first came to the attention of the authorities in 2002 at the age of 17 following an arrest for the possession of cocaine base. And cocaine base accounted for his next two felony convictions, as well.
>
> Following his arrest for the incident offense on January 10, 2005, he was arrested on two later dates for further conduct involving the possession with intent to distribute cocaine base. Together, these incidents represent six arrests at the same general location in which he was engaged in the same general repetitive conduct.
>
> I thought about giving an upward departure because Mr. Eaglin was certainly unaffected by all of his encounters with law enforcement and the only apparent means to stop his continuing efforts to distribute rock cocaine was to incarcerate— incarcerate him. But I've determined that the sentence that — the mandatory minimum sentence is certainly one that is severe and satisfied the objectives called for by 18 United States Code, Section 3553(a), punishment, deterrence, and non disparity of sentences; so, I will not be departing upwardly. (Transcript of Sentencing Hearing, Document No. 86, pp. 5-6).

6

Judgment was entered on May 17, 2007. (Document No.68). Eaglin appealed to the Fifth Circuit Court of Appeals. (Document No. 67). Unpersuaded by Eaglin's challenge to the sufficiency of the evidence to support his conviction for possession of a firearm in support of a drug trafficking crime, and to the testimony by two Houston police officers, the Fifth Circuit affirmed Eaglin's sentence on April 23, 2008. (Document Nos. 96 and 97). The Fifth Circuit wrote:

> Eaglin argues that the evidence was insufficient to support his conviction on Count two for possession of a firearm in support of a drug trafficking crime. Ordinarily, the standard of review for a sufficiency claim is "whether any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt." *United States v. Jaramillo*, 42 F.3d 920, 922-23 (5th Cir. 1995).
>
> The Government contends, however, that Eaglin failed to properly preserve the issue of the sufficiency of the evidence because he did not renew his motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure at the close of all the evidence. Eaglin maintains that his objection to a jury instruction on constructive possession was effective to preserve the issue. Because, as discussed below, the evidence is sufficient under the ordinary standard, we need not resolve this question.
>
> The evidence presented at trial showed that several firearms were in plain view in the house where Eaglin was arrested. Eaglin exercised control over a bedroom and a closet where firearms were found in close proximity to a baggie containing a distributable quantity of crack cocaine. At least one of the firearms found in this area was loaded. The evidence was sufficient to prove that Eaglin was in constructive possession of the firearms. *See United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993). The evidence was likewise sufficient to show that Eaglin possessed firearms in furtherance of a drug trafficking offense. *See United States v. Ceballos-Torres*, 218 F.3d 409, 410-11 (5th Cir.), *amended in other part*, 226 F.3d 651 (5th Cir. 2000). Eaglin has failed to demonstrate that the evidence was insufficient to support his conviction on Count two. *See Jaramillo*, 42 F.3d at 922-23.
>
> Eaglin also argues that testimony by two Houston narcotics officers was forbidden profile evidence and that the officers' testimony violated Rule 704(b) of the Federal Rules of Evidence. As Eaglin concedes, his failure to object to the testimony at trial results in review for plain error. *United States v. Maldonado*, 42 F.3d 906, 912 (5th Cir. 1995). Under the plain error standard, the appellant bears

the burden of showing (1) there is an error, (2) that is plain, and (3) that affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If these factors are established, the decision to correct the forfeited error is within the court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. at 736.

The testimony given by the narcotics officers concerned the import of physical evidence – crack cocaine and firearms – present in the house. The challenged testimony was not impermissible profile evidence. *See United States v. Williams*, 957 F.2d 1238, 1242 (5th Cir. 1992). Eaglin has failed to show plain error. *See Olano*, 507 U.S. at 732.

We also reject Eaglin's contention that the testimony of the narcotics officers was improper under Rule 704(b). The rule "prohibits only direct statements on the issue of intent." *United States v. Triplett*, 922 F.2d 1174, 1182 (5th Cir. 1991); (quotations marks and citation omitted); *see United States v. Masat*, 896 F.2d 88, 93 (5th Cir. 1990). Here, the testimony of the narcotics officers did not state "an opinion or inference as to whether [Eaglin] did or did not have the mental state or condition constituting an element of the crime charged." *See* Rule 704(b). Rather, the challenged testimony was an explanation focused on the evidence and an analysis of that evidence based on the officers' experience in narcotics trafficking. As such, the testimony was not impermissible under Rule 704(b). *See United States v. Gutierrez-Farias,* 294 F.3d 657, 663 n.5 (5th Cir. 2002); *Speer v. United States*, 30 F.3d 605, 610 (5th Cir. 1994). Eaglin has not shown plain error. *See Olano*, 507 U.S. at 732.

On April 16, 2009, within one year of his conviction being final, Eaglin timely filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No.98). In his § 2255 motion, Eaglin argues that the evidence was insufficient to sustain his conviction of possessing a firearm in furtherance of a drug trafficking crime and he also argues that the court lacked the authority to enhance his sentence under 21 U.S.C. § 851(a) and (b). In addition, Eaglin raises claims of ineffective assistance of counsel. According to Eaglin, his counsel rendered ineffective assistance when he failed to advise him that he was subject to a mandatory minimum sentence pursuant to 21 U.S.C. § 851(a) and (b); failed to request a copy of the notice of enhancement for

8

Eaglin's review so that he could affirm or deny his prior convictions; failed to object to any of Eaglin's prior convictions; failed to object to the court's failure to follow 21 U.S.C. § 851(a) and (b); failed to object to the credibility of the police officers who testified and to object to their testimony; failed to renew a motion for acquittal; failed to conduct discovery; and failed to attack the search warrant that resulted in his arrest.  The Government, in its Motion to Dismiss (Document No. 101), argues that Eaglin's § 2255 Motion to Vacate, Set Aside or Correct Sentence should be dismissed because Eaglin is not entitled to relief.  According to the Government, Eaglin has not shown that his counsel was deficient nor has he shown that he was prejudiced.  As to Eaglin's substantive claims, the Government likewise contends that Eaglin is not entitled to relief.

Eaglin first argues that the evidence was insufficient to support his conviction of possession of a firearm in furtherance of a drug trafficking crime.  According to Eaglin, there was no evidence that he was in actual possession of any of the firearms, and as a result, the Government had to prove constructive possession.  Eaglin maintains that there was insufficient evidence of his ownership and control over the premises.  Eaglin argues that there was little direct evidence linking him to the residence in question such as a drivers license, bills, personal items and evidence that he owned or rented the premises.  Eaglin further argues that the firearms were covered in dirt and dust and as such, had not been used recently in drug trafficking activities.

The Government responds that Eaglin is not entitled to relief on his sufficiency of the evidence claim because such claims are not cognizable under § 2255.  *United States v. Forrester*, 456 F.2d 905, 907 (5th Cir. 1972); *United States v. Garcia*, 68 F.3d 466 (5th Cir. 1995).  Upon this record, the Government's argument that claims of this nature are not cognizable is well taken.

9

Moreover, even assuming that such a claim was cognizable in a § 2255 proceeding, upon this record, Eaglin would not be entitled to relief because he raised the issue on direct appeal and the Fifth Circuit Court of Appeals concluded that the evidence was sufficient to support his conviction on this count. The law is clear that "issues raised and disposed of in a previous appeal from a judgment of conviction are not considered." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997).

Eaglin next argues that the trial court lacked jurisdiction under 21 U.S.C. § 851(a) & (b) to enhance his sentence because the trial court failed to strictly comply with the requirements of the rule. According to Eaglin, the Court failed to ask him to affirm or deny the prior conviction and to advise him that any challenges to his prior conviction not made before sentencing would be deemed waived. Eaglin contends that because the court failed to adhere to the requirements of the rule, the court lacked the authority to enhance his sentence. The Government counters that Eaglin's claim is procedurally barred because it was not raised on direct appeal, and to the extent that Eaglin attempts to overcome the procedural bar based on his allegations of ineffective assistance of counsel, Eaglin has not shown that counsel's performance fell below the *Strickland* standard and therefore, he cannot show prejudice and is not entitled to relief.

Pursuant to 28 U.S.C. § 2255, a federal prisoner may challenge his conviction on the basis that his " sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Motions brought pursuant to § 2255 are reserved for claims of constitutional or jurisdictional significance. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1081); *Limon-Gonzalez*

10

*v. United States*, 499 F.2d 936, 937 (5th Cir. 1974).

When claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted, and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal, and actual prejudice resulting from the alleged errors. *United States v. Placente,* 81 F.3d 555, 558 (5th Cir. 1996) (" [A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors."); *United States v. Gaudet,* 81 F.3d 585, 589 (5th Cir. 1996) (" When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error."); *United States v. Acklen,* 47 F.3d 739, 741-42 (5th Cir. 1995) (" Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing both 'cause' for his procedural default and 'actual prejudice' resulting from the error."); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (" A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude … and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."), *cert. denied*, 502 U.S. 1076 (1992). Procedurally defaulted claims also may be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (" Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may by

raised in habeas only if the defendant can first demonstrate either 'cause' and actual prejudice … or that he is 'actually innocent.' ").

Here, even assuming that Eaglin could establish cause for his failure to raise this claim on direct appeal, namely that counsel could have and should have raised the issue on direct appeal, he cannot show prejudice which has resulted from the alleged error. Accordingly, Eaglin's claim is procedurally barred from review in this § 2255 proceeding.

Moreover, even if this claim was not procedurally barred and Eaglin had, on direct appeal, argued that the trial court lacked jurisdiction under 21 U.S.C. 851(a) & (b) to enhance his sentence, no relief is available on the merits of the claim.

21 U.S.C. 851(a)(1) provides that "a person convicted of an offense shall not be subject to increased punishment as a result of a prior conviction unless, prior to his conviction, the United States attorney files an information with the court and serves a copy of such information on the person or his counsel stating in writing the previous convictions to be relied upon." The main purpose of Section 851(a) is to inform the defendant that the government intends to seek a sentencing enhancement. *United States v. Dodson*, 288 F.3d 153, 159 (5th Cir. 2002). Compliance with this provision is mandatory. *United States v. Noland*, 495 F.2d 529, 533 (5th Cir.), *cert denied*, 419 U.S. 966 (1974). The Information of Prior Conviction was filed on November 8, 2005 (Document No. 35), and even assuming that Eaglin's counsel had not received a copy when it was filed electronically by the Government, it is undisputed that both Eaglin and his counsel were provided a copy before Eaglin's Rearraignment/trial commenced. The Information states that Eaglin was being held accountable under the enhancement provisions of 21 U.S.C. 841(b)(1)(b) as a result of his prior conviction for

possession of cocaine on June 25, 2002. Because this exposed Eaglin to a mandatory minimum sentence, counsel conferred with Eaglin about proceeding with his Rearraignment or proceeding to trial. Because the Information was timely filed by the Government in accord with 21 U.S.C. § 841(a), Eaglin has not shown prejudice to overcome the procedural bar.

As to Eaglin's arguments concerning the Court's failure to follow 21 U.S.C. § 851(b), a review of the record, including the PSR and the transcript of Eaglin's sentencing hearing, shows that Eaglin is not entitled to relief on this claim because Judge Harmon substantially complied with Section 851(b). Eaglin contends that Judge Harmon erred by failing to engage him in a 851(b) colloquy concerning the Government's Notice of Enhancement that had been filed on November 8, 2006. Eaglin argues that the Court lacked jurisdiction to enhance his sentence because the Court failed to specifically ask him to affirm or deny his prior conviction and failed to inform him that if he failed to challenge his prior conviction before sentencing that he could not subsequently attack his sentence.

21 U.S.C. 851(b) provides:

> Affirmation or denial of previous conviction. If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Here, the record shows that the Court did not engage in a colloquy with Eaglin wherein Eaglin was specifically asked if he affirmed or denied his previous conviction. However, the record shows that Eaglin had a copy of the PSR, and he stated that he had reviewed the PSR with his attorney, and that he had no objections to the PSR. Given that Eaglin had read the PSR, had no

objections to the PSR, he has not shown that he was prejudiced by the Court's failure to comply strictly with Section 851(b). Upon this record, Eaglin's claims relating to his sentence enhancement pursuant to 21 U.S.C. § 851(a) and (b) are procedurally barred and Eaglin has not shown cause or prejudice to overcome the procedural bar.

With respect to Eaglin's allegations of ineffective assistance of counsel, Eaglin complains that counsel was ineffective because he never advised him that he was subject to a mandatory minimum of 10 years under 21 U.S.C. § 851(a), and he further alleges that counsel failed to provide him with a copy of the notice of enhancement, and failed to file any objections to the Notice of Enhancement. Eaglin further challenges counsel's trial performance. Namely, he contends counsel was ineffective because he failed to object to the credibility of officers who testified as highly experienced narcotics officers and that counsel failed to object to the officer's impermissible profiling testimony that the presence of firearms were to further drug trafficking activities. Next, Eaglin claims that counsel was ineffective because he failed to move for an acquittal. Finally, Eaglin argues that counsel was ineffective because he failed to file discovery motions and to attack the search warrant that resulted in his arrest. The Government counters that Eaglin's allegations are without merit. With respect to Eaglin's sentencing enhancement claims, the Government claims that counsel was given notice of the enhancement and that he discussed the Notice and its sentencing ramifications with Eaglin, and that other than Eaglin's unsupported and conclusory allegations that counsel could have and should have objected, Eaglin has not disputed the prior conviction nor has he shown that there was a factual or legal basis to support a challenge by counsel to the prior conviction. In addition, the Government contends that even though counsel did not move for an acquittal, the record shows that counsel challenged the

14

sufficiency of the evidence on appeal, and the Fifth Circuit Court of Appeals concluded that evidence was sufficient to support Eaglin's conviction. Likewise, the Government contends that Eaglin cannot show he was prejudiced by any alleged failure of counsel to object to the police officer's testimony given the Fifth Circuit's finding that the testimony was not impermissible. As to Eaglin's contention that counsel failed to file discovery motions, the government contends that numerous discovery motions were filed by counsel, and to the extent that Eaglin argues that counsel could have and should have moved to suppress the search warrant, the government contends that counsel's overall performance was not unreasonable within the meaning of *Strickland*. According to the Government, counsel filed numerous discovery motions and Eaglin has not provided a factual basis on which counsel could have attacked the search warrant. Upon this record, the record either affirmatively shows that Eaglin's counsel was not deficient or there is no evidence that the alleged errors prejudiced Eaglin within the meaning of *Strickland*.

Claims of ineffective assistance of counsel are generally measured by the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Strickland*, 466 U.S. at 687. Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id*. at 687-88. The prejudice element requires a petitioner to prove that absent the disputed conduct of counsel, the outcome would have been both different and more favorable. *Id*. at 694-95. Under *Strickland*, a petitioner must establish both deficiency and prejudice prongs to be entitled to habeas relief. The failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *United States v.*

*Seyfert,* 67 F.3d 544, 547 (5th Cir. 1995).

Under the deficiency prong of *Strickland*, judicial scrutiny of counsel's performance is "highly deferential" and "a strong presumption" is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1064-65 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993) (citing *Strickland*). To overcome the presumption of competence, the petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Under the prejudice prong of *Strickland,* a petitioner must be able to establish that absent his counsel's deficient performance, the result of his trial could have been different. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. The determination of whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied,* 467 U.S. 1220 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland,* 466 U.S. at 690. "We will not find inadequate representation merely because, with the benefit of hindsight, we disagree with counsel's strategic choices." *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999) (quoting *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)). Conclusory allegations

of ineffective assistance of counsel do not raise a constitutional question in a federal habeas petition. *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000) (citing *Barnard v. Collins,* 958 F.2d 634, 642 (5th Cir. 1992); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

As discussed above, the record clearly shows that Eaglin was not prejudiced based on counsel's actions relating to his sentencing enhancement claims. The Government gave notice of the Enhancement in a timely fashion and counsel discussed the Notice of Enhancement with Eaglin and the decision was made by Eaglin to proceed to trial. To the extent that counsel failed to argue on appeal that the court was without jurisdiction to enhance his sentence based on the Court's failure to have him affirm or deny his prior conviction and to inform him that any challenge to his prior sentence must be made before his current sentence was imposed, the record shows even assuming that counsel could have and should have made these arguments, Eaglin cannot show he was prejudiced within the meaning of *Strickland*. The record shows that Eaglin was aware that the Government had filed the Notice of Information, he was provided a copy of the PSR, which detailed the basis of the conviction in question, and that Eaglin, under oath, stated he had read the PSR and that he had no objections to make to the PSR. To the extent Eaglin suggests that counsel could have and should have investigated the prior conviction, Eaglin has provided no details about what an investigation would have revealed nor has he denied the previous conviction. Upon this record, Eaglin has not shown that he was prejudiced based on counsel's actions relating to the sentencing enhancement.

Next, Eaglin complains about counsel's failure to move for an acquittal. Again, the record shows that counsel did not make such a motion. That said, even assuming that counsel could

have and should have made such a motion, the record shows that the Fifth Circuit Court of Appeals concluded that the evidence was sufficient to support Eaglin's conviction. Given this conclusion, Eaglin has not shown that he has been prejudiced by counsel's alleged actions within the meaning of *Strickland*. Likewise, Eaglin contends that counsel was ineffective because he failed to challenge the credibility of the police officers as "highly experienced narcotics officers" and that their testimony was "impermissible profiling testimony. Again, the record shows that the Fifth Circuit concluded that the officer's testimony was not impermissible. Moreover, the record shows that Eaglin's counsel thoroughly cross examined the police officers, Officer Kevin Rivera and Officer Carlos Lerma. Officer Rivera was the officer who wrote the affidavit in support of the search warrant. (Transcript of Trial, Document No. 88, pp. 24-26, 48, 49, 52). Upon this record, Eaglin has not shown that he was prejudiced within the meaning of *Strickland*. As to Eaglin's claim that counsel was ineffective because he failed to file discovery motions or have a "discovery hearing", the record shows that counsel filed numerous discovery motions including a Motion for Rule 12(d) Designation (Document No. 24), Motion for Disclosure of Rule 404(b) Material Evidence of Other Crimes (Document No. 23), Motion for Discovery and Inspection of Evidence (Document No. 22) and counsel filed a Motion in Limine (Document No. 21). Moreover, to the extent that Eaglin argues that counsel was ineffective because he failed to move to suppress the search warrant, the record shows that counsel cross-examined the officer who wrote the affidavit in support of the search warrant, and that other than his conclusory assertion that counsel should have moved to suppress the search warrant, Eaglin has not provided any factual basis for a challenge to the warrant. Therefore, no relief is available under § 2255 on the ineffective assistance of counsel claims.

**V. Conclusion and Recommendation**

Based on the foregoing, it is

RECOMMENDED that the Government's Motion to Dismiss (Document No.101) be GRANTED, and that Movant Jemeyel Braton Eaglin's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No 98) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 4th day of May, 2010.

Frances H. Stacy
United States Magistrate Judge